12 F.3d 1106
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
N. Louise FERRELL, Plaintiff-Appellant,
v.
CLACKAMAS COUNTY SHERIFF'S DEPARTMENT; Anthony Edwards,
Deputy; Edward Mura, et al., Defendants-Appellees.
 No. 93-35042.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 17, 1993.*
Decided Dec. 3, 1993.
 
 Before: SCHROEDER, D.W. NELSON, and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 N. Louise Ferrell appeals pro se the district court's judgment following a jury verdict in favor of the defendants, Clackamas County deputies, in her 42 U.S.C. Sec. 1983 action alleging fourth amendment violations as a result of a warrantless entry into her home, and excessive force. We have jurisdiction under 28 U.S.C. Sec. 1291. We affirm.
 
 
 3
 The defendants responded to a call to the police charging Mr. Ferrell with the assault of a neighbor boy with a rifle. Ferrell alleged that the police entered her home without a warrant and without her consent, and that defendant Saine pushed her into a desk causing her injury and resulting in loss of wages. The defendants claimed that she consented to the entry and was polite and cooperative, and that no physical force was used or was necessary. The jury returned a verdict for the defendants.
 
 
 4
 Ferrell's opening brief lists five claims of error. The claims are meritless. Ferrell specifically contends that the district court erred by (1) prohibiting the testimony of an expert medical witness; (2) denying the introduction into evidence of medical bills and records; (3) prohibiting the introduction of evidence relevant to the illegal seizure of the rifle; (4) dismissing the excessive force claim; and (5) striking special damages from the complaint.
 
 
 5
 Only Ferrell's fourth contention challenges the jury's verdict. This court reviews a jury verdict for "substantial evidence," that is, such relevant evidence as reasonable minds might accept as adequate to support a conclusion. Davis v. Mason County, 927 F.2d 1473, 1486 (9th Cir.1991). The transcripts of the testimony at trial reveal that there was substantial evidence to support the jury's finding for the defendants on the excessive force claim and the unconsented entry claim. See id. The credibility of the witnesses and the weight of the evidence are issues for the jury and are generally not subject to appellate review. See Oviatt v. Pearce, 954 F.2d 1470, 1473 (9th Cir.1992). Here, the jury found the defendants' version of the facts to be credible, and thus, we will not review these findings. See id. Further, we note that with regard to the excessive force claim, even if the jury were to have believed Ferrell's testimony, such facts would not rise to the level of a constitutional violation. See Hudson v. McMillan, 112 S.Ct. 995, 996 (1992) ("the [fourth] amendment does not reach de minimis uses of physical force").
 
 
 6
 Ferrell's first two claims, that the district court erred by denying her motion for an expert medical witness and by excluding medical bills and records, also fail. We review evidentiary rulings for a clear abuse of discretion, and we will not reverse absent some prejudice. Pau v. Yosemite Park and Curry Co., 928 F.2d 880, 887 (9th Cir.1991). Here, Ferrell failed to prove liability on the part of the defendants for her injury. In the absence of liability, she has shown no prejudice, and thus, the district court did not abuse its discretion by excluding such evidence. See id.
 
 
 7
 Ferrell's third claim, that the district court erred by omitting evidence relating to the seizure of the rifle, is meritless. Ferrell's husband was convicted in state court of threatening the neighbor boy with the gun. Ferrell's attorney successfully challenged the introduction of any facts relating to the conviction in a motion in limine. The court ruled that facts relating to her husband's conviction would not be admitted. Therefore, the exclusion of this evidence was a tactical choice which cannot be complained of on appeal. See id.
 
 
 8
 Finally, Ferrell's fifth claim fails because the testimony presented regarding Ferrell's alleged damages was speculative. Therefore, the district court did not err by granting the defendants' motion to strike Ferrell's request for special damages. See Akiona v. United States, 938 F.2d 158, 161 (9th Cir.1991) (we review district court's award of damages for clear error), cert. denied, 112 S.Ct. 1567 (1992). Further, the jury found against Ferrell on the underlying excessive force claim, and thus, we need not reach this issue. See id. (it was unnecessary to reach issue of damages where court reversed on liability).[1]
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Ferrell admits she did not raise her sixth claim of error below, therefore we will not entertain it here. See United States v. Oregon, 769 F.2d 1410, 1414 (9th Cir.1985) (absent exceptional circumstances, issues not raised below will not be considered on appeal)